## ALVA CLEMENT *vs.* W. CLEMENT.

If the maker of a note, which is not in its nature assignable without his consent, when notified by a third person that it has been assigned to him by the payee, make no objection, his silence in this respect is to be considered as an assent to the assignment.

THIS was an action of assumpsit on a note in the following words :

CROYDON, September 10, 1833.

For value received I promise to pay Alva Clement the tanning of eight tons of hides, to be tanned annually—one ton 1834, two tons 1835, two tons 1836, two tons 1837, one ton 1838 ; said hides to be tanned into sole leather in a workmanlike manner ; said hides to be delivered at said W.'s tan-yard in Grantham.

W. CLEMENT.

The cause was tried upon the general issue, at April term, 1837, and a verdict taken, by consent, for the plaintiff, subject to the opinion of the court upon the following case.

It was not disputed that the defendant made the contract on which the action was founded. And it appeared that some time in the year 1833 the note was assigned for a valuable consideration to Henry Breck, who afterwards, in January, 1834, gave the defendant notice that he had the note.

On the 31st July, 1834, Breck presented the note to the defendant, and told him he should bring the hides to be tanned ; but the defendant said that he did not owe the note, and that he would not tan hides in payment of it.

*Handerson*, for the plaintiff.

*Newton*, for the defendant.

RICHARDSON, C. J., delivered the opinion of the court.

It is conceded that the contract on which this action is founded, was made by the defendant, and that, if it can in

its nature be considered as assignable, it has been duly assigned to Breck.

Nor is it disputed, that there has been a breach of the contract on the part of the defendant, if the assignment gave Breck a right to have his hides tanned under the contract. The declaration of the defendant to Breck, that nothing was due, and that he would not tan hides for him under the contract, rendered an actual offer of the hides to the defendant to be tanned unnecessary.

But it is insisted, on the part of the defendant, that the contract was not in its nature assignable, and that Breck acquired no right to have hides tanned under it.

There are cases, without doubt, where a contract cannot be assigned, even in equity, without the consent of both parties. Instances of this kind may be found, where young men contract to labor for farmers by the month, or the year, and where it is understood that they are to labor on the farm, live in the family, and be under the direction of the hirers. In such cases these circumstances become a part of the contract, and they are not bound to labor on other farms, under the direction of other persons, or to live in other families, without their consent.

And it is possible that there may be cases in which, where one man contracts to manufacture articles from raw materials to be furnished by another, the contract must be understood to mean materials belonging to him by whom they are to be furnished. No case has, however, occurred to our minds where this must be considered as the understanding. For, in general, he who is to furnish materials in such a case would have an undoubted right to do it by an agent; and whether the materials are to be furnished by an agent or by an assignee must be a matter of very little importance to the manufacturer.

But admitting, for the present, that this contract was not assignable without the consent of the defendant, still it was

very clearly so with his assent. And is there not enough disclosed in this case to show his assent?

When Breck told the defendant he had the contract, the defendant made no objection; and in such a case, silence is consent. If he had any objection, he was bound to state it, and give Breck an opportunity to return the contract to the payee, if he chose. Having made no objection, then, the defendant's lips are closed on that subject forever. *5 N. H. R.* 277, *Albee* vs. *Little.*

We are all of opinion that there must be

*Judgment on the verdict.*